**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| MICHAEL LAMONT ROBINSON, ) | |
| ) | CIVIL ACTION NO. 3:08-277-SB-JRM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| JOHN J. LAMANNA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Michael LaMont Robinson ("Robinson"), is an inmate at FCI-Edgefield serving a sentence of one hundred and eighty (180) months imposed in the Middle District of North Carolina for distribution of crack cocaine and being a felon in possession of a firearm. He filed a petition for a writ of habeas corpus on January 30, 2008 pursuant to 28 U.S.C. § 2241. Respondent filed a motion for summary judgment on March 20, 2008. Because Robinson is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on March 31, 2008 explaining his responsibility to respond to the motion for summary judgment. Robinson filed a "Motion In Opposition of Summary Judgment" on April 14, 2008.

Robinson asserts that the Bureau of Prisons ("BOP") is violating his right to due process by using a dismissed state charge of assault with a deadly weapon to calculate his security and custody classification. He does not state what relief he is seeking in his petition, but states in his opposition memorandum that he wants this Court to order BOP to remove a two point enhancement used in calculating his custody and security classification.

BOP, as required by its regulations, calculated Robinson's security level and custody

1

classification pursuant to its "Program Statement 5100.08, <u>Inmate Security Designation and Custody Classification</u>." In doing so BOP considered a charge for assault with a deadly weapon which was dismissed after Robinson was found guilty of a misdemeanor of discharging a firearm within the city limits of Winston-Salem, North Carolina in determining his "History of Violence" factor. This resulted in Robinson being attributed with a "serious history of violence" rather than a "minor history of violence."

Robinson challenged his classification through the BOP administrative grievance process. He was denied relief by informal resolution and by Warden LaManna. The Regional Office granted his appeal on May 17, 2007 and changed his classification. The decision was based on the fact that the assault with a deadly weapon charge had been dismissed. However, on July 6, 2007, BOP received additional information from the Winston-Salem Police Department that, even though the original charge had been dismissed, Robinson had been found guilty of "Shooting Within the City Limits" based on the conduct underlying the original charge.[1] Based on this new information, the Regional Director notified Robinson that the decision was reversed and his appeal denied. This determination was upheld by the Administrator of National Inmate Appeals.

**1. Habeas**

Robinson brought this action using the standard form for seeking habeas relief under U.S.C. § 2241. Respondent argues that his claim is not cognizable in a habeas action.

The Fourth Circuit touched on circumstances under which federal prisoners may bring a habeas action in <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). "Those convicted in federal court

---

[1] Robinson's charge evolved from an argument at a musical concert which resulted in mutual discharge of firearms. Robinson's victim sustained a superficial gunshot wound.

are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255...When, however, § 2255 proves 'inadequate or ineffective to test the legality of...detention,' a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. In a footnote the court explained that "attacks on the execution of a sentence are properly raised in a § 2241 petition." *Id*, n. 5.

"The precise meaning of 'execution of a sentence' is hazy." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d cir. 2005). The Fourth Circuit has yet to offer specific guidance. Courts routinely find jurisdiction in the obvious case where a federal prisoner challenges BOP's computation of his sentence and release date by a § 2241 petition. On the other hand courts reject § 2241 petitions for lack of jurisdiction in cases where a federal prisoner challenges the conditions of his confinement including transfer from one facility to another. Some courts have held that if a federal prisoner is seeking what can fairly be described a "quantum change in the level of custody" a § 2241 petition is appropriate. *See e.g.* Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002). In Paschal v. Bauknecht, 2007 WL 4568979 (D.S.C. ), Judge Anderson specifically rejected BOP's argument that the Court did not have jurisdiction to consider a § 2241 petition where the prisoner challenged BOP's denial of placing him in a halfway house. Many courts have agreed, apparently concluding that a transfer from a BOP facility to a halfway house amounts to a quantum change in the level of custody.

The undersigned agrees with the court's analysis in Burnam v. Marberry, 2008 WL 4190785 (W.D.Pa. ) which is directly on point. In that case a federal prisoner attempted to challenge BOP's determination of his custody and security classification based on its finding that the prisoner had a serious history of violence. The finding was supported, in part, by a previous prison discipline code

violation. The prisoner argued that the BOP staff member who issued the violation notice "mischaracterized the incident in question". *Id*, at * 4.   The prisoner filed a § 2241 petition in an attempt to expunge the record of the violation, and thus lower his history of violence score.  The court found:

> "At most, that would impact the security level of the penal institution at which he would be eligible to serve his term of imprisonment and to which he would be transferred.  The length of the term of his sentence will not change even if this court rules in his favor.  Moreover, there is no allegation or indication whatsoever that [Petitioner] would be eligible for community confinement in the event that he succeeded in the claims presented to this court.  Accordingly, his claims do not amount to the challenge to the "execution" of his sentence and this court does not have subject matter jurisdiction under 28 U.S.C. § 2241."

The undersigned, therefore, concludes that this Court lacks jurisdiction of Robinson's petition.

### 2. <u>Bivens</u> Action.

A federal prisoner may being an action challenging the conditions of his confinement pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). However, to do so the prisoner must allege and show the deprivation of a constitutional right. Generally, the courts do not become involved in review of discretionary decisions of prison administrators because such decisions do not involve due process.  <u>Meacham v. Fano</u>, 427 U.S. 215, 224-25 (1976).  Classification decisions are not reviewable in federal court unless the prisoner can establish that he has a liberty interest created by statute or regulation.  BOP has broad discretion in assigning prisoners to its facilities. *See* 18 U.S.C. § 3621.  Security and custody classifications are designed to aid BOP in exercising its discretion "to place each inmate in the most appropriate security level institution that also meets their program needs and is consistent with the Bureau's mission to protect society". (Res.Mem., Ex. 3).  Neither the statute nor BOP's regulations create a

liberty interest in any particular classification. Therefore, Robinson has not stated a claim of deprivation necessary to support a Bivens action.

3. **Privacy Act**.

In a memorandum attached to his petition, Robinson asserts that BOP is in violation of the Privacy Act. Title 5, U.S.C. § 552a(e)(5) requires executive branch agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]..." Section 552a(d) allows individuals access to agency records about themselves to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." Civil actions to enforce the provisions of the Privacy Act are authorized by § 552a(g).

Insofar as Robinson seeks his remedy under the Privacy Act his claim fails for two reasons. First, 5 U.S.C. § 552a(j) authorizes the heads of law enforcement agencies to exempt certain types of records from specified provisions of the Act. The Department of Justice has properly exempted BOP's Inmate Central Record System from the Privacy Acts' amendment requirements. *See* 28 C.F.R. § 16.97 and White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C.Cir. 1998) (per curiam). Second, Robinson cannot show that BOP's records are inaccurate. BOP acknowledges that the more serious charge was dismissed, and that Robinson was found guilty of the less serious charge. BOP regulations state that "(s)everity of violence is determined by the offense behavior regardless of the conviction/finding of guilt offense." (Emphasis added) (Res.Mem., Ex. 3, p. 7). In this case, Robinson shot and wounded another individual. Robinson has not shown that BOP improperly assessed the behavior which led to the offense and conviction.

## **Conclusion**

Based on a review of the record, it is recommended that Respondents' motion for summary judgment be **granted** and the petition **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

October 21, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).